JAMES H. MAY

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 23, 1906.*

1. MUNICIPAL CORPORATIONS—*eight-hour-day ordinance applying to manual labor does not cover clerical work.* An ordinance providing that eight hours of labor shall constitute a legal day's work "for all employees performing manual labor for the city," etc., does not apply to clerical work in the city collector's office.

2. SAME—*clerk employed at regular salary must perform all the duties of the office.* A regular employee of a municipal corporation, employed at a regular salary, is bound to perform the duties of his office for the compensation fixed, even though additional duties are imposed upon him by statute or ordinance subsequently to his employment.

3. SAME—*when an appropriation does not cover regular clerks.* An appropriation for "extra clerks for special assessment work in the city collector's office" does not cover regular clerks employed in such office.

4. SAME—*city officer cannot create liability against city unless appropriation has been made.* A promise by a city collector to pay his regular clerks for working overtime creates no liability against the city unless an appropriation for that purpose has been previously made.

5. SAME—*one dealing with city is charged with notice of the limitations of its liability.* A person dealing with a municipal corporation is charged with knowledge of the limitations of its liability upon contracts attempted to be entered into by any of its officials.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. J. W. MACK, Judge, presiding.

HARRY M. FISHER, for appellant:

The city was bound by the collector's promise to pay for the extra time, and the city had the power to enter into such

a contract prior to the passage of the annual appropriation bill.  *Danville* v. *Water Co.* 180 Ill. 235; *Kimble* v. *Peoria,* 140 id. 157.

Even if the city collector exceeded his authority, the city was bound to pay for services rendered and accepted.  The law implies a promise to pay for what was received and enjoyed by the municipality, whenever it had the power to contract, even though, in contracting, it may not have followed the proper manner.  *Chicago* v. *Beck,* 93 Ill. App. 73; *Badger* v. *Drainage Co.* 141 Ill. 540; *Westbrook* v. *Middlecoff,* 99 Ill. App. 330; *Chicago* v. *McKechney,* 205 Ill. 372

Where the city has received benefits it cannot evade payment even where there has been no appropriation.  *Harvey* v. *Wilson,* 78 Ill. App. 548; *Chicago* v. *English,* 198 Ill. 218; *Chicago* v. *Berger,* 100 Ill. App. 161.

Where an appropriation is made after the contract is entered into, as in this case, it amounts to a ratification of the contract.  *East St. Louis* v. *Flannigan,* 26 Ill. App. 449; *Danville* v. *Water Co.* 180 Ill. 235; 180 U. S. 619.

The city is bound to pay for benefits received under an executed contract, even if *ultra vires.*  *East St. Louis* v. *Gas Co.* 98 Ill. 415; *Railroad Co.* v. *Thompson,* 103 id. 187; *Badger* v. *Drainage Co.* 141 id. 540; *Water Co.* v. *Carlyle,* 140 id. 445.

A clerk in the city collector's office is a laborer, within the provisions of section 1688 of municipal code.  *Heckman* v. *Tammen,* 184 Ill. 144; *Stryker* v. *Cassidy,* 76 N. Y. 52.

Under an ordinary contract of hiring by the day, the servant cannot be required to prolong his services in order to complete any particular piece of work upon which he may happen to be employed.  *Wyngert* v. *Norton,* 4 Mich. 286.

A servant employed for a term in a particular service has a right to compensation for services rendered, on request, beyond the ordinary services required of him, even if no express agreement is made to give extra compensation.  *Holder* v. *Lafayette,* 71 Ill. 106.

MICHAEL F. SULLIVAN, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellee:

Neither the city nor its officers can enter into a binding contract with any one which includes the payment of money, unless an appropriation has been made therefor by the city council. Hurd's Stat. 1903, chap. 24, art. 7, sec. 4; Dillon on Mun. Corp. secs. 55, 272; *Chicago* v. *Shober & C. Lith. Co.* 6 Ill. App. 562; *Trustees* v. *Gaylord,* 61 Ill. 276.

The promise of a municipal officer to pay for services rendered a municipal corporation cannot bind the corporation when such officer is acting beyond the scope of his authority. *Kincaid* v. *Park Comrs.* 64 Ill. App. 113; *Hague* v. *Philadelphia,* 48 Pa. St. 527; *McDonald* v. *Mayor,* 68 N. Y. 23; Dillon on Mun. Corp. sec. 445.

The plaintiff was charged with knowledge of the limitations of the power of the city and its officers to enter into a contract of the character alleged, and with notice that no appropriation had been made for the extra services claimed to have been rendered. *Hope* v. *Alton,* 214 Ill. 102; *Danville* v. *Water Co.* 178 id. 307; *Law* v. *People,* 87 id. 385; *Chicago* v. *Williams,* 182 id. 141; *Snyder* v. *Mt. Pulaski,* 176 id. 397.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant, employed many years as a clerk in the city collector's office of Chicago, brought this action to recover wages for work performed outside of regular hours in 1899 and 1900. The amount claimed is $147. A jury being waived, the case was tried by the court and resulted in a judgment for the defendant.

The evidence shows that plaintiff and certain other clerks who have instituted similar suits were employed at stipulated salaries in the collector's office. Every year about April 1 that office is very busy extending special assessments and preparing a list of delinquent assessments for collection, and

it has been found necessary to have the regular office force work more hours a day than usual and also to employ extra clerks for the work. The city council appropriated certain amounts for the years 1899 and 1900 for extra clerks in the city collector's office. In 1899 the regular clerks were employed to work more than regular hours and on Sundays, and were promised pay for overtime by the city collector. The same thing took place in 1900. When the extra men were employed in the city collector's office in these years they were designated by the city collector and selected in accordance with the Civil Service law in force.

Section 1688 of the municipal code in force in Chicago during those years provides that eight hours of labor shall constitute a legal day's work "for all employees performing manual labor for the city of Chicago," etc. Certain propositions of law were submitted to the court, stating, among other things, that this provision of the municipal code as to eight hours' work applied to the clerks employed in the city collector's office on special assessment books, and that if a clerk worked sixteen out of the twenty-four hours he was entitled to compensation for two days' work; that the city collector was authorized to employ not only the regular help but the extra clerks, provided they were selected in accordance with the Civil Service law in force in Chicago; that even if the city collector exceeded his authority in contracting with the plaintiff to work overtime, still recovery could be had upon an implied contract on the *quantum meruit* for services rendered. It is urged that the trial court erred in refusing these propositions of law.

We are of the opinion that the eight hour ordinance referred to does not cover such clerical work as was performed by plaintiff. A mere cursory reading of the Civil Service law will show that this provision was intended to apply only to ordinary manual labor. We do not consider the cases cited by appellant on this question in point. If appellant's contention were to be upheld it would practically nullify

many of the provisions of the Civil Service law and place clerks and ordinary day laborers upon the same footing as to employment and discharge. This plainly is not the intent of that law. Plaintiff was a regular employee of a municipal corporation at a regular salary, and he is bound to perform the duties of his office for the compensation fixed, even though additional duties are imposed upon him by statute or ordinances subsequently to his employment. *City of Decatur* v. *Vermillion*, 77 Ill. 315; *Hope* v. *City of Alton*, 214 id. 102; *City of Joliet* v. *Tuohey*, 1 Ill. App. 483; Dillon on Mun. Corp. (4th ed.) p. 316.

The item in the appropriation in question for 1899 reads as follows: "Extra clerks for special assessment work in city collector's office at $3 per day, $7800." The item for 1900 is substantially the same. We do not think this item in the appropriation covers regular employees. Plaintiff was not an "extra clerk" entitled to $3 per day. The Appellate Court rightly say that this clause of the appropriation ordinance "means what it says and will not bear the construction contended for."

It is contended that the city was bound by the city collector's promise to pay for the extra work. Section 91 of the City and Village act (Hurd's Stat. 1905, p. 308,) provides that no contract shall be made by the city council or any committee or member, and no expense incurred by any of the officers or departments of the corporation, unless an appropriation shall have been previously made. No appropriation having been made for this extra work of the plaintiff, it is impossible by any act of the city officials to create a liability against the city for the work. (*City of Chicago* v. *Shober Lithographing Co.* 6 Ill. App. 560; *Trustees of Lockport* v. *Gaylord*, 61 Ill. 276; *West Chicago Park Comrs.* v. *Kincade*, 64 Ill. App. 113; Dillon on Mun. Corp. sec. 445.) A person dealing with a municipal corporation is charged with the knowledge of the limitations of the power of that corporation for any contract attempted to be entered into by any

of its officials. *Snyder* v. *City of Mt. Pulaski,* 176 Ill. 397; *City of Danville* v. *Danville Water Co.* 178 id. 299; *Hope* v. *City of Alton, supra.*

We find no reversible error in the record. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*