James Anderson Company, Inc., Appellant, v. City of Highland Park, Appellee.

Gen. No. 8,781.

Opinion filed August 1, 1934.

PAUL MACGUFFIN and DAVID H. JACKSON, for appellant.

ERNEST S. GAIL, Corporation Counsel, for appellee; PAUL C. BEHANNA, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The plaintiff, a corporation, brought an action of assumpsit against the defendant, the City of Highland Park, and filed the consolidated common counts. A bill of particulars was filed and the defendant filed the general issue. The parties entered into a stipulation that the cause should be heard by the judge of the court, and that evidence might be admitted without objection other than objections to be made at the hearing. Forty propositions of law were submitted by the plaintiff and the defendant. The court found the issues for the defendant.

It appears from the bill of particulars that the plaintiff claims compensation from the defendant for the reasonable and customary charges made for work performed by the plaintiff. The bill of particulars charges as follows: "That the work, labor and services sued for is engineering, surveying and draughtsmanship, work, labor and services rendered by various employees and officers of plaintiff making surveys, preparing plans and specifications, culminating in estimates of cost and blue prints, and ordinances used by the City of Highland Park and the Board of Local Improvements of said city, filed by said city in the county court of Lake County, and known as Highland Park Special Assessment Number 332. The work and labor done in connection with the said foregoing and in attending meetings of said Board of Local Improvements and various members thereof, which meetings were both formal and informal, was done beginning

with the second week of September, 1926, down to and including the middle of July, 1928. The first substantially completed but tentative plans and specifications and estimate of costs and resolution were delivered to said Board of Local Improvements in the month of December, 1927, and the same are in the possession of said Board. The completed plans, specifications, resolution for said Board and estimate of costs were delivered to said board about the latter part of May, 1928, and used by or incorporated in and used in preparing the originating resolution and estimate of costs for said special assessment proceeding on or about May 1, 1928, and in the proceeding of said Board of Local Improvements on or about the 18th day of June, 1928, and in the council proceedings of said city of Highland Park on or about the 9th day of July, 1928, at which an ordinance providing for said local improvement and special assessment was adopted. The members of said Board of Local Improvements at all times had knowledge that the plaintiff was performing said services for said city, accepted the results of said services and through the members and agents of said board directed that said work and services be so performed by the plaintiff, etc.''

Ordinances of the City of Highland Park for the years 1926, 1927, and 1928 appropriated $20,000 for ''engineering services'' for the board of local improvements. There were during those years no appropriations for city engineer other than as indicated. The city did not appoint a city engineer for those years so far as is shown by any record of the city. The petition filed in the county court of Lake county for the improvement designated as Highland Park Special Assessment No. 332 was dismissed. The city has not collected any special assessments for the once proposed improvement, out of which the engineering services for the improvement were to be paid. The city has

not taken possession of money which in equity and good conscience belongs to the plaintiff. The question if an executory contract irregularly entered into by the city is invalid, is not presented by the record.

The general theory is indicated in the bill of particulars that the city is liable to pay for the work performed by the plaintiff because such labor was directed to be done by its board of local improvements, and that the council of the city adopted the plans and specifications of the proposed local improvement which were the result of the plaintiff's labor. There was no record made by the board of local improvements showing the employment of the plaintiff to perform the work and labor in question. The city did not enter into an express contract with the plaintiff to do the work. The city council did not by formal action ratify the alleged employment of the plaintiff by the board of local improvements. The City of Highland Park by ordinance had prescribed conditions precedent which were to be complied with by its city council before the city should become liable under a contract. There are also statutory provisions which the city relies on as prescribing conditions precedent which were not observed in this case and that therefore, the defendant argues, the plaintiff is barred from a recovery. The exact legal issues of the case do not appear from the pleadings. A reference to the bill of exceptions will bring into focus the divergent views of the plaintiff and the defendant on the main issues of law in the case.

At the trial Mr. Anderson, president of the plaintiff company, was asked this question: ''Will you state whether your company, had any dealings with the city of Highland Park at any time in 1926, 1927 or 1928?'' To this question objections were raised by the defendant on the following grounds: ''The defendant is a municipal corporation existing under the commis-

sion form of government and it must speak by its records, and parol evidence is not competent. That the city is disqualified to enter into any business transaction or contract except in the manner provided by statute and by the ordinances of the city.'' The defendant thereupon introduced in evidence certain sections of the ordinances of the City of Highland Park. These provisions of the ordinances must be herein quoted. However, for the purpose of clarity and to illuminate the issues of law involved, we state further, that after the ordinances were introduced, the defendant objected to Mr. Anderson's testimony on the further grounds which will now be quoted: ''I object to the question, unless it is shown that it is in accordance with the law providing that any contract made with the city (A) must be in writing, (B) remain on file one week complete in form and (C) adopted by a yea and nay vote of the city council.''

Opportunely to the above objections made by the defendant, we quote from the defendant's brief: ''That it is appellee's contention that a contract made in contravention of, or otherwise than as prescribed by statute and ordinance, is void and illegal and is not binding or obligatory upon the city as a contract nor can there be any implied contract or estoppel in view of the contravention and disregard of mandatory provisions.'' Opposed to this view of the defendant, the plaintiff contends that the provisions of the ordinances and statutes indicated in the above objection are directory and not mandatory. Plaintiff quotes from McQuillin on Municipal Corporations, page 250, as follows: ''Irregularities in the making of a contract within the corporate powers which are directory merely, will not necessarily invalidate the contract. Recovery on a *quantum meruit* is frequently permitted in such cases where the public has received the benefits. If the restrictions as to the mode and form con-

stitute limitations on the power to contract, usually liability is denied.'' Thus, we apprehend, we have stated the main issues of law presented by the record and under controversy.

Referring to the bill of exceptions, the defendant introduced in evidence ordinances of the City of Highland Park as follows:

''The council of the City of Highland Park shall consist of the Mayor and four commissioners and shall be the governing body of the City.''

(A)

''It (the city council) shall make or authorize the making of all contracts, and no contract shall be binding or be obligatory upon the city unless either made by ordinance or resolution, adopted by the council, or reduced to writing and approved by the council, or expressly authorized by an ordinance or resolution adopted by the council. All contracts and all ordinances and resolutions making contracts or authorizing the making of contracts excepting ordinances, resolutions or contracts pertaining to local improvements, special assessments or condemnation proceedings or both, under and by virtue of an act of the General Assembly of the State of Illinois entitled, shall be drawn by the corporation counsel or approved by him before the same are made or passed.'' Section 12, Par. 17, City Code of Highland Park.

(B)

''Every ordinance or resolution appropriating any money, or ordering any street improvement or sewer, or making or authorizing the making of any contract for any purpose shall remain on file with the city clerk for public inspection, complete in form, in which it is finally passed, at least one week before the final passage or adoption thereof.'' Section 12, Par. 15, City Code of Highland Park. The foregoing section is

a re-statement of Cahill's St. ch. 24, ¶ 356 (section 33, Art. 13, ch. 24, Smith-Hurd's Rev. St.).

## (C)

"Upon every vote, the Yeas and Nays shall be called and recorded, and every motion, resolution or ordinance shall be reduced to writing and read before a vote is taken thereon, and all the commissioners, including the mayor, present at any meeting, shall vote thereon." Section 12, Chap. 2, City Code of Highland Park. This section of the code is a copy of Cahill's St. ch. 24, ¶ 344 (section 22, article 13, chapter 24, Smith-Hurd's Rev. St.).

The defendant also calls attention to and relies on Cahill's St. ch. 24, ¶ 44 (sec. 13, Art. 2, Chap. 24, Par. 44, Smith-Hurd's Rev. St., which is as follows: "The Yeas and Nays shall be taken upon the passage of all ordinances, and on all propositions to create any liability against the city, or for the expenditure or appropriation of its money, and in all other cases at the request of any member, which shall be entered on the journal of its proceedings; and the concurrence of a majority of all the members elected in the city council shall be necessary to the passage of any such ordinance or proposition: Provided," etc.

The plaintiff asks this court to hold that a contract by the City of Highland Park employing the plaintiff to prepare plans, specifications and estimate for a proposed public local improvement by the city would not be ultra vires of the city; that such a contract is not in express terms prohibited by law nor contrary to public policy (*De Kam v. City of Streator*, 316 Ill. 123); that there are no mandatory conditions precedent prescribed by statute or ordinance as to the manner and mode of entering into such a contract with the city which are a limitation on the power of the city to enter into such a contract. Plaintiff then contends

that as a result of such holding, the city is estopped to set up mere irregularities of the manner and mode of entering into the contract by the plaintiff and the city, the city having received the benefits of its completed work knowing that the plaintiff had done the work for the city; that the city has ratified the contract entered into by the plaintiff and the board of local improvements of the city; that the city is liable under an implied contract under the *quantum meruit* count.

In answer to the plaintiff's request and contention the defendant replies as follows: (1) Its insistence that the conditions precedent prescribed by statute and ordinances for entering into a contract by the City of Highland Park are mandatory, and a contract entered into contrary to, or without a compliance with, the conditions is void; that the city cannot ratify a void contract nor is the city estopped to set up the failure of the city to comply with the conditions; that the city cannot be held liable under an implied contract if conditions precedent are not complied with, as otherwise there would be a nullification of the provisions of the ordinances and the statute. (2) Defendant denies that the board of local improvements had the express or implied power to employ the plaintiff to do the work in question and thereby bind the city directly by any contract made by the board. (3) That the city council did not accept the result of the work of the plaintiff with knowledge that the work was done for the city. (4) That the plaintiff did very little work preparing the plans, specifications and estimate, and that the exhibits introduced in evidence show on their face that the plans, specifications and estimate were made by Windes and Marsh who the defendant claims were the engineers for the city of Highland Park. (5) That the plaintiff's recovery is barred by the statutory limitations of indebtedness of cities. (6) That the creation of the office of city engineer by ordi-

nance expressly or impliedly prohibited the employment of the plaintiff to do the work in question.

We will first devote our attention to the question if the doctrine of estoppel should be applied in this case against the defendant. The evidence shows that the plaintiff was directed by the board of local improvements of the defendant to prepare the plans and specifications for the proposed local improvements known as Highland Park Assessment No. 332. The board of local improvements of a city is an arm or agency of the city. (*Gray v. Black Co.*, 338 Ill. 488.) The evidence further shows that the plaintiff prepared such plans and specifications and that it did all the field work necessary to prepare the plans and specifications. The plaintiff secured the data for the estimate of the cost of the improvement which was signed by the engineering firm of Windes and Marsh.

It is contended by the defendant that it did not know that the work of the plaintiff was done for the city and that it did not accept the result of said work; that some of the members of the city council were elected after the plaintiff was directed by the board of local improvements to do the work; that the city council at the time of the passage of the ordinance for Special Improvement No. 332 did not know of the action of the board of local improvements employing the plaintiff because the estimate mentioned in the ordinance was signed by the firm of Windes and Marsh and not by the plaintiff; that the defendant had no contract with Windes and Marsh to prepare plans, specifications and estimate for the improvement; that that firm, as directed by the board of local improvements, was to examine and approve the plans and specifications after they were prepared by the plaintiff.

The evidence shows that Mr. Anderson, the president of the plaintiff, attended several meetings of the board of local improvements and that changes were

made in the plans and specifications for the improvement under the direction of and with the knowledge of the board; that with the knowledge of the board certain territory was taken out of the plans as the improvement had been first considered; that the mayor of Highland Park and two commissioners of the city who were also members of the board of local improvements, were fully aware of the work being done by the plaintiff; that the city accepted the benefit of the plaintiff's work with full knowledge that the work had been done by the plaintiff for the city.

It is also contended by the defendant that the plaintiff's recovery is barred by the statutory limitation of indebtedness of cities. It was stipulated that in April, 1926, the indebtedness of the City of Highland Park amounted to $122,061; that in April, 1927, the total indebtedness was $150,154.40; that in April, 1928, the total indebtedness was $621,503.21; that $597,000 of which was represented by corporate bonds outstanding and that out of this amount of bonds outstanding, $540,000 worth was issued on March 21, 1928; that the total assessed valuation for levying and extending taxes on all taxable property in the city for the year 1926, was $6,823,994, for the year 1927, $16,296,902, for the year 1928, $16,570,744; that the population of the city for the year 1928 was less than 15,000. It appears from the evidence that the plaintiff completed and turned in to the board of local improvements its plans, specifications and data for the estimate sometime in April or May, 1928. The Act of 1928 limiting the indebtedness of cities went into effect on July 1, 1928; that before that time the constitutional limitation of indebtedness of cities within five per cent of their total assessed valuation of taxable property was in force. Cahill's St. ch. 120, ¶ 362 (2). (Sec. 44, ch. 113, Smith-Hurd Rev. St.; *Michaels v. Hill*, 328 Ill. 11; Constitution, Art. IX, sec. 12.) The contention of the defendant that the debt limitation

against the City of Highland Park prevented the city incurring any liability to pay the plaintiff cannot be sustained.

It is further contended by the defendant that the creation of the office of city engineer by ordinance expressly or impliedly prohibited the plaintiff's employment and bars its recovery. To sustain this contention, the defendant relies on section 31 of the Commission Form of Government for Municipalities Act, Cahill's St. ch. 24, ¶ 354 (par. 296, Smith-Hurd Rev. St., ch. 24), which provides substantially, that all officers (excluding mayor, commissioners, and other officers named), assistants or employees of the city, shall receive such salary or compensation as the council shall by ordinance provide. As heretofore stated the City of Highland Park did not during the years in question appoint a city engineer. It made appropriations for those years for its board of local improvements "for engineering services." During the years the plaintiff was engaged in doing the work, the law provided, as it does now, that the board of local improvements of a city under the commission form of government, and having a population of less than 50,000, shall consist of the mayor and any two or more commissioners regardless of whether or not the office of city engineer is provided for by ordinance. Under section 24 of the Commission Form of Government Act it was not compulsory that the city council appoint a city engineer. The defendant having accepted the services of the plaintiff, we think that the defendant is estopped from setting up its failure, or its determined purpose, not to appoint a city engineer and thereby defeat the claim of the plaintiff. Section 31 of the statute, above mentioned, is not applicable as the plaintiff was not an officer or an employee of the defendant.

It is also insisted by the defendant that parol evidence was inadmissible to prove that the board of

local improvements had directed the plaintiff to do the work for which he claims pay, on the ground that the board speaks by and through its records. We do not think that it was incumbent on the plaintiff to see that the clerk of the board performed his duty to keep a complete and accurate record of the proceedings of the board. Having accepted the result of plaintiff's work, the city cannot now interpose the defense that its board of local improvements failed to make a record of its proceedings. *County of Vermilion v. Knight,* 1 Scam. (Ill.) 97; *New Athens v. Thomas,* 82 Ill. 259; *City of Belton v. Sterling* (Tex. Civ. App.), 50 S. W. 1027.

A municipal corporation may be estopped by its own conduct. *Melin v. Community Consol. School District,* 312 Ill. 376. The rule is that a city may be estopped to set up the defense that its contract was not made in compliance with the form and method prescribed by law if the city has accepted the benefits of the contract as executed by the other party thereto, if the contract is not ultra vires of the city nor prohibited by law. *De Kam v. City of Streator,* 316 Ill. 123; *McGovern v. Chicago,* 281 Ill. 264; *Great Lakes Dredge & Dock Co. v. Chicago,* 353 Ill. 614. A city is liable for the costs and expenses of preparing a local improvement. *City of Carlinville v. Anderson,* 303 Ill. 247. The design and effect of the ordinances of the City of Highland Park requiring its contracts to be in writing, that the Aye and Nay shall be taken on any motion or resolution voted on by the city council and that all ordinances and resolutions appropriating money shall remain on file for one week with the city clerk for public inspection, is to define the mode of the execution of express contracts with the city. *Village of London Mills v. White,* 208 Ill. 289; *Chicago v. Pittsburg, C., C. & St. L. Ry. Co.,* 244 Ill. 220; *McGovern v. Chicago,* 281 Ill. 264. In the case of *Chicago v. Pittsburg, C., C. & St. L. Ry. Co.,* 244 Ill. 220, it is said: "A city is not

entirely exempt from all the rules of honesty and fair dealing that are applicable to individuals and private corporations. If a city may lawfully exercise a power, it may be equitably estopped to question the validity of its exercise on account of the manner in which it is done or the lack of required formalities, as right and justice require." The provisions of the ordinances are not a limitation on the power of the city contained in its charter. Having accepted the benefits of the work of the plaintiff, it would be inequitable and unjust to permit the defendant to defeat the claim of the plaintiff by relying on the ordinances. *Avery v. City of Chicago,* 345 Ill. 640; *Beers v. Dalles City,* 16 Ore. 334, 18 Pac. 835; *Bates County v. Wills,* 239 Fed. 785; *Worthington v. Boston,* 152 U. S. 695, 38 L. Ed. 603; *Bunge v. Downers Grove Sanitary District,* 356 Ill. 531.

The judgment of the circuit court of Lake county is hereby reversed and the cause remanded to said court.

*Reversed and remanded.*