Weightstill Woods, Appellant, v. Village of LaGrange
Park, Appellee.

Gen. No. 38,279.

202

Opinion filed November 10, 1936.

WEIGHTSTILL WOODS, *pro se.*

STEVENS, CARRIER & GRIFFITH, of Chicago, for appellee.

MR. PRESIDING JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

This is an action in assumpsit brought by plaintiff, Woods, an attorney, to recover $14,200.74 claimed to be due on account of legal services alleged to have been rendered by him to defendant, Village of LaGrange Park. At the close of plaintiff's case on defendant's motion the court instructed the jury to find the issues for it. The jury rendered a verdict in accordance with the instruction and judgment was entered upon the verdict for defendant and against plaintiff for costs. This appeal followed.

Plaintiff's declaration alleged, substantially, that defendant, the Village of LaGrange Park, is a voluntary municipal corporation; that April 30, 1929, defendant was indebted to him in the sum of $14,200.74, the reasonable value of legal services performed by him for defendant at its request (this amount included

necessary cash advancements for court reporters' charges, the printing of briefs and court costs incidental to the legal services, as well as interest from the aforementioned date); that defendant, though often requested, has not paid this indebtedness or any part thereof but refuses to do so; that statements of account for such services and outlays were rendered to said Village of LaGrange Park and its board of trustees April 1, 1929, and sundry other dates prior thereto; and that at no time has any adverse vote, resolution or action of record been taken with reference to this indebtedness or any item thereof by said village or its board of trustees. An itemized statement of account was attached to the declaration and it was accompanied by an affidavit of plaintiff's claim, which asserted that there was due him from defendant $14,200.74 for professional legal services, expenses and interest as set forth in the declaration and statement of account, after allowing defendant all just credits, deductions and set-offs.

Defendant filed a plea of the general issue and an affidavit of merits. The latter alleged that all during the period plaintiff claims to have rendered legal services to defendant and until on or about May 4, 1927, he was the duly appointed village attorney of the Village of LaGrange Park; that as such officer he did perform legal services for said village, but that an ordinance of the village passed and approved September 6, 1897, which was in full force and effect during the entire time covered by plaintiff's claim, created the office of village attorney and fixed the duties and compensation of the incumbent thereof; and that the pertinent sections of this ordinance are as follows:

"Section 1. The officers of the Village of LaGrange Park shall consist of a President and a Board of six Trustees, a Village Clerk, a Village Treasurer, a Village Attorney, a Police Magistrate, a Village Engineer, and such other officers as from time to time may be

deemed necessary or expedient, and for such terms (not exceeding or extending beyond the end of the then present fiscal year) and under such Bonds as the said Board may see fit.

"Section 17. The Village Attorney shall prosecute all suits instituted by or on behalf of the Village of LaGrange Park for the collection of fines or penalties, and shall represent the village in all suits in which said village may be party, plaintiff or defendant; he shall also advise, when called upon to do so, the Village Marshal, or other officers of said Village as to their respective duties; he shall also prepare deeds or other legal papers in which the village may be interested whenever requested by the said President, and otherwise assist any officer or committee of the Board of Trustees in the performance of his or their respective duties, whenever legal assistance may be required.

"Section 18. That said Village Attorney shall be entitled to receive as remuneration for his services the sum of one hundred dollars per annum. He shall also be entitled to receive from the general treasury such expenses as may be necessary in the performance of his duties.

"Provided the same are previously authorized to be incurred by the President and a majority of the Board of Trustees; . . ."

The affidavit of merits further alleged that plaintiff was entitled to be paid only $100 a year for his services; that there was no appropriation of the Village of LaGrange Park out of which the sums claimed by plaintiff could be paid, and that the Village of La-Grange Park did not promise and agree to pay for said services as alleged in the declaration except the sum of $100 a year as provided by ordinance; that an examination of the minute books, ordinances and records of said village discloses no resolution, ordinance or contract authorizing or providing for the payment of any com-

pensation to plaintiff for the services alleged to have been rendered other than the compensation set forth in the foregoing ordinance; that on or about May 4, 1927, plaintiff's term of office terminated and he was not thereafter authorized, employed or empowered to render any service to defendant or to incur any obligation on its behalf; that as to the $560.45 advanced by plaintiff for court reporting and $156.22 cash paid by him for printing briefs and abstracts, defendant did not order or direct the incurring of such indebtedness and that plaintiff had no power or authority to incur same on behalf of said village; that there was no appropriation of said village out of which such amounts could be paid; that the services alleged to have been rendered by plaintiff as set forth in its declaration are not and were not reasonably of the value therein set forth; that during the term of his office as village attorney plaintiff was paid by defendant sums in excess of $100 a year for the services rendered by him; and that defendant is not indebted to plaintiff for the alleged services and advancements set forth in his declaration.

Plaintiff filed a replication to defendant's plea and affidavit of merits, the material portions of which are as follows:

"1. That he was never an officer of said Village but was an employee as an attorney and counselor at law.

"2. That at no time material in this suit was there any valid ordinance of defendant Village establishing any office of village attorney pursuant to any statute.

"3. That plaintiff was never requested or expected to give bond or otherwise qualify as an officer called village attorney and there is no record of any such relationship because none was attempted or made, and no such relationship ever existed; but the relationship at all times was one of employment as an attorney and

counselor at law to perform the services mentioned in the declaration.

"4. At all times there were ample appropriations by the Village to pay any items sued for that may require an appropriation.

"5. All services and disbursements set forth by the declaration are reasonably of the value claimed for them by the plaintiff."

Plaintiff's theory is that January 8, 1923, he was retained by the Village of LaGrange Park to handle its legal work on a retainer and piecework basis; that he was merely an employee of the village and not an officer; that the relationship between him and the village was simply that of attorney and client; that he was allowed a retainer of $100 a year, which was later increased to $300 a year; that in addition to the retainer he was entitled to and did receive from time to time payment for his services on the basis of what such services were usually and customarily worth; that he rendered the services as alleged in his declaration and advanced moneys as therein alleged; that out of the circumstances of the relationship and conduct of the parties there was raised an implied contract to pay him for such services on the basis of *quantum meruit,* and that the village by its conduct is estopped to deny that it contracted for his services; and that it is liable in the amount which he claims his services were worth and for the moneys alleged to have been advanced by him.

Defendant's theory is "that plaintiff on January 8, 1923, was appointed to the office of village attorney under an ordinance of the Village of LaGrange Park, then in full force and effect, and under the provisions of the Cities and Villages Act; that the ordinance provided for the compensation to be paid to the village attorney for his services in the sum of $100 per annum and for such expenses as should be necessarily in-

curred by him in the performance of his duties, provided the same were previously authorized to be incurred by the president and a majority vote of the trustees; that the ordinance prescribed the duties of the village attorney and that the services which plaintiff alleged that he rendered, for which he is seeking payment in this suit, were such services as were prescribed by the ordinance to be rendered for the compensation of $100 per annum as fixed by the ordinance; that the plaintiff was charged with knowledge of the ordinance and its provisions prescribing his duties and fixing his compensation, and that by accepting the office under the provisions of the ordinance he was bound to perform the duties of the office as prescribed for the compensation as fixed by the ordinance; and that he cannot legally claim additional compensation for the discharge of the duties of his office, even though the compensation as fixed by the ordinance may be considered inadequate.''

The rule is settled in this State that a person accepting a public office with a fixed salary must perform the duties of the office for the salary and he cannot legally claim additional salary for the discharge of those duties, even though the salary be inadequate. Whenever he considers the compensation inadequate he is at liberty to resign. (*Gathemann v. City of Chicago,* 263 Ill. 292; 1 Dillon on Mun. Cor. (5th ed.) sec. 426, and cases cited; *City of Decatur v. Vermillion,* 77 Ill. 315.) A person dealing with a municipal corporation is charged with knowledge of the limitations of the power of such corporation to make contracts. (*City of Harvard v. McCauley,* 253 Ill. App. 218; *Snyder v. City of Mt. Pulaski,* 176 Ill. 397; *May v. City of Chicago,* 222 Ill. 595; *DeKam v. City of Streator,* 316 Ill. 123; *Sprinkle v. County of Cass,* 340 Ill. 382.)

If it had been properly and sufficiently shown on the trial of this case that plaintiff was regularly appointed

to and accepted the office of village attorney of the Village of LaGrange Park, that at the time of his appointment and during his incumbency of the office there was in force a valid ordinance creating such office which prescribed the duties and fixed the salary of the village attorney and that the services claimed to have been rendered came within his prescribed duties, plaintiff is barred from recovery in this action. However, there was no showing that plaintiff was appointed village attorney under a valid ordinance as alleged by defendant. The ordinance upon which defendant relies was not even before the court for its consideration upon the trial.

A municipal corporation which may sue and be sued, or which has legal business to transact, may employ an attorney to conduct such business unless restrained by its charter (1 Smith on Municipal Corporations, par. 178) and it may be estopped by its own conduct from later asserting its lack of authority to so employ, as well as any irregularity in the employment. (*Anderson Co. v. City of Highland Park,* 276 Ill. App. 327; *Melin v. Community Consol. School Dist.,* 312 Ill. 376.) The rule is that a city may be estopped to set up the defense that its contract was not made in compliance with the form and method prescribed by law if the city has accepted the benefits of the contract as executed by the other party thereto, if the contract is not ultra vires of the city nor prohibited by law. (*Anderson Co. v. City of Highland Park, supra; DeKam v. City of Streator, supra; McGovern v. Chicago,* 281 Ill. 264; *Great Lakes Dredge & Dock Co. v. Chicago,* 353 Ill. 614.) In *Village of Harvey v. Wilson,* 78 Ill. App. 544, where Wilson sued to recover on a *quantum meruit* for legal services rendered the Village of Harvey, the village having received the benefit of such services it was held that the rule just stated was applicable even though no appropriation had been previously made concerning the expenses of such legal service.

Plaintiff was permitted to introduce evidence as to similar services rendered by him to defendant over a period of more than four years, for which he had been paid by the village on the basis of their reasonable value, and we think that the evidence which he offered as to the cash advanced and the services performed by him for defendant, which the village received and accepted and for which he seeks to recover in this action, was improperly rejected by the trial court.

Under his theory, having shown the circumstances of his relationship to the village and the previous conduct of the parties, plaintiff should have been permitted to prove the additional legal services involved here, his cash outlays incident thereto and the usual and reasonable value of such services. If and when this case is again tried the evidence is sufficient at the close of plaintiff's case to raise an implied contract to pay him for the cash advanced and his legal services rendered for the benefit of the village on the basis of *quantum meruit,* the burden will then devolve upon defendant to proceed with its affirmative defense.

Defendant assumes in its theory of the case and the trial court undoubtedly assumed that under the doctrine of judicial notice the ordinance above set forth and pleaded in defendant's affidavit of merits as a bar to this action should be just as fully recognized and considered as evidence in the case as if its validity had not been made a material issue by plaintiff's replication. The doctrine of judicial notice is a branch of the law of evidence and authorizes the court whenever a fact is material, which is comprehended by such doctrine, to take judicial notice of the fact, but it must be presented to the court in some way. (*People v. Keokuk & H. Bridge Co.,* 287 Ill. 246.) The provisions of the statute (Ill. State Bar Stats. 1935, secs. 1 and 2, pars. 57 and 58, ch. 51) that both the trial court and courts of review will take judicial notice of general ordinances of municipalities within the jurisdiction of

the trial court are only applicable to the contents of such ordinances as facts when there is no question raised as to the legal existence or validity of the ordinances themselves. Defendant pleaded the ordinance in question as an affirmative defense and before judicial notice could be taken of its context it must have been properly presented to the court. As heretofore stated the ordinance was not presented at all on the trial of this cause and therefore cannot be judicially noticed by this court. Upon the proper presentation or introduction of the ordinance by defendant plaintiff was entitled, if he could, to impeach it on rebuttal by showing that it was invalid and did not legally exist because the requirements of the law were not complied with in its purported passage.

Numerous questions argued on this appeal cannot be judicially determined because of the chaotic condition of the record now before us as a result of the loose manner in which the case was tried. We have pointed out applicable established principles of law to the end that a retrial of this cause may be conducted in accordance with the rules of orderly procedure.

The judgment of the superior court is reversed and the cause remanded.

*Reversed and remanded.*

FRIEND and SCANLAN, JJ., concur.