Weightstill Woods, Appellee, v. Village of La Grange
Park, Appellant.

Gen. No. 39,948.

2

Opinion filed February 14, 1939. Rehearing denied February 27, 1939.

STEVENS & CARRIER, of Chicago, for appellant; GEORGE M. STEVENS and GEORGE M. STEVENS, JR., of counsel.

Maloney & Wooster, of Chicago, for appellee; Weightstill Woods, *pro se,* of counsel.

Mr. Presiding Justice Burke delivered the opinion of the court.

Subsequent to the opinion filed in the case of *Woods v. Village of LaGrange Park,* 287 Ill. App. 201, wherein the judgment of the superior court was reversed and the cause remanded, said cause was redocketed and tried with a jury, resulting in a verdict for the plaintiff for $8,058. Defendant moved for judgment notwithstanding the verdict and for a new trial, which motions were overruled and judgment was entered on the verdict, and this appeal follows.

The pertinent facts have been discussed in the opinion filed on the previous appeal, and touched on in the opinion in *Woods v. Village of LaGrange Park,* 298 Ill. App. 595, being filed concurrently with this opinion. In the previous appeal (287 Ill. App. 201, 207–210) we said:

"The rule is settled in this State that a person accepting a public office with a fixed salary must perform the duties of the office for the salary and he cannot legally claim additional salary for the discharge of those duties, even though the salary be inadequate. Whenever he considers the compensation inadequate he is at liberty to resign. (*Gathemann v. City of Chicago,* 263 Ill. 292; 1 Dillon on Mun. Cor. (5th ed.) sec. 426, and cases cited; *City of Decatur v. Vermillion,* 77 Ill. 315.) A person dealing with a municipal corporation is charged with knowledge of the limitations of the power of such corporation to make contracts. (*City of Harvard v. McCauley,* 253 Ill. App. 218; *Snyder v. City of Mt. Pulaski,* 176 Ill. 397; *May v. City of Chicago,* 222 Ill. 595; *DeKam v. City of Streator,* 316 Ill. 123; *Sprinkle v. County of Cass,* 340 Ill. 382.)

"If it had been properly and sufficiently shown on the trial of this case that plaintiff was regularly appointed to and accepted the office of village attorney of the Village of LaGrange Park, that at the time of his appointment and during his incumbency of the office there was in force a valid ordinance creating such office which prescribed the duties and fixed the salary of the village attorney and that the services claimed to have been rendered came within his prescribed duties, plaintiff is barred from recovery in this action. However, there was no showing that plaintiff was appointed village attorney under a valid ordinance as alleged by defendant. The ordinance upon which defendant relies was not even before the court for its consideration upon the trial.

" . . .

"Plaintiff was permitted to introduce evidence as to similar services rendered by him to defendant over a period of more than four years, for which he had been paid by the village on the basis of their reasonable value, and we think that the evidence which he offered as to the cash advanced and the services performed by him for defendant, which the village received and accepted and for which he seeks to recover in this action, was improperly rejected by the trial court.

"Under his theory, having shown the circumstances of his relationship to the village and the previous conduct of the parties, plaintiff should have been permitted to prove the additional legal services involved here, his cash outlays incident thereto and the usual and reasonable value of such services. If and when this case is again tried the evidence is sufficient at the close of plaintiff's case to raise an implied contract to pay him for the cash advanced and his legal services rendered for the benefit of the village on the basis of

*quantum meruit,* the burden will then devolve upon defendant to proceed with its affirmative defense.

"Defendant assumes in its theory of the case and the trial court undoubtedly assumed that under the doctrine of judicial notice the ordinance above set forth and pleaded in defendant's affidavit of merits as a bar to this action should be just as fully recognized and considered as evidence in the case as if its validity had not been made a material issue by plaintiff's replication. The doctrine of judicial notice is a branch of the law of evidence and authorizes the court whenever a fact is material, which is comprehended by such doctrine, to take judicial notice of the fact, but it must be presented to the court in some way. (*People v. Keokuk & H. Bridge Co.,* 287 Ill. 246.) The provisions of the statute (Ill. State Bar Stats. 1935, secs. 1 and 2, pars. 57 and 58, ch. 51) that both the trial court and courts of review will take judicial notice of general ordinances of municipalities within the jurisdiction of the trial court are only applicable to the contents of such ordinances as facts when there is no question raised as to the legal existence or validity of the ordinances themselves. Defendant pleaded the ordinance in question as an affirmative defense and before judicial notice could be taken of its context it must have been properly presented to the court. As heretofore stated the ordinance was not presented at all on the trial of this cause and therefore cannot be judicially noticed by this court. Upon the proper presentation or introduction of the ordinance by defendant plaintiff was entitled, if he could, to impeach it on rebuttal by showing that it was invalid and did not legally exist because the requirements of the law were not complied with in its purported passage."

In the retrial of the case defendant introduced sections 1, 2, 3, 5, 10, 17 and 18 of chapter 3 (entitled

"Officers") of the ordinances of the village of La-Grange Park, "published in bound book form, purporting to be published by authority of the President and Board of Trustees of the Village of LaGrange Park, printed by G. W. Turner, Printer, LaGrange, Illinois, 1897," reading:

"Section 1: The officers of the Village of LaGrange Park shall consist of a President and a Board of Six Trustees, a Village Clerk, a Village Treasurer, a Village Attorney, a Police Magistrate, a Village Engineer, and such other officers as from time to time may be deemed necessary or expedient, and for such terms (not to exceed or extend beyond the end of the then present fiscal year) and under such bonds as the said Board may see fit."

"Section 2: The President and the members of the Board of Trustees and the Village Clerk shall be elected in accordance with the provisions of the State Law as laid down in Article XI, Chapter 24. The other officers provided in Section 1 of this Chapter, except Police Magistrates, shall be appointed by the Board of Trustees. All appointments of officers shall be made on or before the third regular meeting of the Board of Trustees in each municipal year or as soon thereafter as may be practicable and as often as any vacancy shall occur in any of said offices."

"Section 3: All officers appointed shall hold their offices during the municipal or fiscal year in which they are appointed, and until their successors are appointed and qualified."

"Section 5: All officers, whether elected or appointed, shall, before entering upon the duties of their respective offices, take and subscribe to the following oath or affirmation:

" 'I do solemnly swear (or affirm, as the case may be) that I will support the constitution of the United

States and the constitution of the State of Illinois and that I will faithfully discharge the duties of ————— according to the best of my ability,' which oath or affirmation so subscribed shall be filed in the office of the Village Clerk.''

''Section 10: Each officer, besides the specific duties which he may be required to do by the various provisions of these ordinances, shall also perform such other and further duties as usually pertain to his office and be subject to such other rules and regulations as the Board of Trustees may from time to time require, or by ordinance may hereafter establish.''

''Section 17 [entitled ''Village Attorney'']: The Village Attorney shall prosecute all suits instituted by or on behalf of the Village of LaGrange Park for the collection of fines or penalties and shall represent the Village in all suits in which said Village is a party plaintiff or defendant. He shall also advise, when called upon to do so, the Village Marshal or other officers of said Village as to their respective duties. He shall also prepare deeds or other legal papers in which the Village may be interested, whenever requested by the said President, and otherwise assist any officer or Committee of the Board of Trustees in the performance of his or their respective duties, whenever legal assistance may be required.''

''Section 18: That said Village Attorney shall be entitled to receive as remuneration for his services, the sum of $100.00 per annum. He shall also be entitled to receive from the general treasury such expenses as may be necessary in the performance of his duties, provided the same are previously authorized to be incurred by the President and a majority of the Board of Trustees.''

The bound volume contained the certificate of the clerk. There was also introduced in evidence an ordi-

nance adopted in 1897 providing "that the Ordinances governing the Village of LaGrange Park as codified and revised and passed by the President and Board of Trustees of said village on the sixth day of September, A. D. 1897, be and the same are hereby ordered printed and published in a bound volume to be entitled Revised Ordinances of the Village of LaGrange Park." The ordinances were admitted over the objections of plaintiff. Section 77, ch. 24, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 21.168], provides, *inter alia,* that "when printed in book or pamphlet form, and purporting to be published by authority of the board of trustees . . ., the same need not be otherwise published; and such book or pamphlet shall be received as evidence of the passage and legal publication of such ordinances, as of the dates mentioned in such book or pamphlet, in all courts and places without further proof." It has been held that the above method of proving the existence of ordinances is not exclusive. A careful perusal of the record convinces us that the defendant sufficiently established the adoption and existence of the ordinances from which excerpts are quoted. Plaintiff contends that there was no authority for the establishment of such an office as village attorney. Section 85, ch. 24, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 21.176], provides: "After the expiration of the present term of office of the city attorney in every city organized under this Act, the city attorney in every such city shall be appointed by the mayor, by and with the advice and consent of the city council." Section 146, ch. 24, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 21.236], provides: "Whenever the words 'city council' or 'mayor' occur in this act, the same shall be held to apply to the trustees and president of such village, so far as the same may be applicable." Section 152, ch. 24, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann.

21.242], provides that "the president and board of trustees may appoint a clerk pro tempore, and whenever necessary to fill vacancies; and may also appoint a treasurer, one or more street commissioners, a village marshal, *and such other officers as may be necessary to carry into effect the powers conferred upon villages,* to prescribe their duties and fees, and require such officers to execute bonds as may be prescribed by ordinance." (Italics ours.) Therefore the defendant village had the power and right to appoint a village attorney, who thereupon became an officer within the meaning of the law. An officer is the incumbent of an office. Section 24, Art. V, of the Constitution of 1870 [Jones Ill. Stats. Ann. Vol. 1, p. 349], defines an office as "a public position created by the constitution or law, continuing during the pleasure of the appointing power, or for a fixed time, with a successor elected or appointed"; and an employment as "an agency, for a temporary purpose, which ceases when that purpose is accomplished."

Having determined that there was a valid ordinance providing for the office of village attorney and for the appointment of the incumbent thereof and fixing his salary, the question presents itself whether plaintiff became and was the village attorney during the time for which he claims compensation. He contends that the relationship between him and the village was that of employer and employee. The evidence clearly establishes that on January 8, 1923, plaintiff was appointed to the office of village attorney by the president of the village with the advice and consent of the board of trustees; that on January 15, 1923, plaintiff subscribed to an oath of office; that the oath is prescribed by the constitution and statutes of the State of Illinois; that on May 19, 1923, and again on May 21, 1924, plaintiff took similar oaths; that plaintiff continued in the in-

cumbency of his office until on or about April 30, 1927, when he tendered his resignation, reading:

"May 2, 1927

"Ashley W. Gilbert, President and
  Board of Trustees of
    Village of LaGrange Park:

"Dear Sirs:

"This is my resignation as Village Attorney. Matters in my charge now in court will be completed and reported in due course.

"Yours very truly,
"WW/alc                    Weightstill Woods";

that the resignation was accepted by the president and board of trustees of the village at a special meeting on April 30, 1927; that during the period from January 8, 1923, to April 30, 1927, plaintiff was the only village attorney; that during said period he signed various pleadings and legal documents as "Village Attorney." We are convinced that plaintiff held the office of village attorney from January 8, 1923, until April 30, 1927, and that his compensation was fixed by the ordinance, parts of which have been quoted, which was in effect during all of the time that he performed the services for which he seeks to recover. Plaintiff maintains that "waiver, acquiescence, ratification and estoppel against the defendant in this case, are abundantly shown by the record," and cites the opinion of this court in *Woods v. Village of LaGrange Park*, 287 Ill. App. 201. That opinion must be read in its entirety. Obviously the court was speaking about the procedure if the existence of the ordinance was not established. It will be observed that we said (p. 209): "If and when this case is again tried the evidence is sufficient at the close of plaintiff's case to raise an implied contract to pay him for the cash advanced and his legal

services rendered for the benefit of the village on the basis of *quantum meruit,* the burden will devolve upon defendant to proceed with its affirmative defense." The constitution and the statutes make it clear that any payment to a municipal officer in excess of the compensation fixed by ordinance is illegal. The services for which plaintiff seeks to recover were within the scope of his duties as village attorney. The record is barren of any evidence showing a repeal of the ordinance. The only way by which a repeal could be established would be by presenting the record showing the action of the board of trustees directing such repeal. The act or acts of individual members of the board of trustees could not constitute a repeal. A municipality under the circumstances shown here cannot ratify things which are manifestly contrary to the provisions of the constitution. On the point of estoppel and abandonment plaintiff invites our attention to the case of *Maher v. City of Chicago,* 38 Ill. 266, 272. From a perusal of the opinion we observe that Hugh Maher, plaintiff, sued the city of Chicago in an action of assumpsit, for labor performed by him in deepening and widening the Chicago river. On February 5, 1855, the city council adopted an ordinance to condemn certain real estate on the banks of the river. The city proceeded by way of a special assessment proceeding, and our Supreme Court, in *Wright v. City of Chicago,* 20 Ill. 252, held that the city had no power, under its charter, to make a special assessment for the purpose of widening and deepening the river. In the meantime, however, Mr. Maher had expended the sum of $3,500 under contracts made pursuant to an understanding between him and the mayor and the committee of the common council on harbors and bridges that the plaintiff would be reimbursed the amount of his advances when an assessment should be made and collected. The court said that "if a municipal corpora-

tion, in dealing with individuals, assumes that it possesses certain corporate powers, upon which the validity of its acts depends, and it turns out that it does not possess the specific powers relied on, it is not thereby excused from the performance of its obligations, if they can be performed through the agency of other powers that it does possess." The court pointed out that the defendant did have the power to widen and deepen the river and rested its opinion on the fact that such power did in fact exist. Moreover, Maher was not an officer of the city. In the instant case the village did not have any right, under the constitution and the statutes, to pay the village attorney a salary greater than the sum fixed by the ordinance.

Plaintiff argues that the instructions given to the jury at the instance of defendant estopped defendant from seeking a review of the verdict. At the close of plaintiff's case, and again at the conclusion of all the evidence, defendant moved for a directed verdict, which motions were overruled. Defendant submitted various instructions embracing the theory of its defense, all except one of which were given by the court. We agree that defendant cannot now be heard to complain about instructions that it offered, or about a ruling it induced the court to make. Defendant, however, is at liberty to criticise the correctness of the findings of the jury on the questions of fact submitted by the instructions.

In the record there is no evidence to controvert the testimony introduced by defendant establishing the existence of the ordinance. It is clear that plaintiff was the village attorney during the period for which he seeks to recover. Under the law he was not permitted to receive for his services more than $100 per year. If he was not satisfied with the compensation fixed by the ordinance he could have resigned after

his appointment in January, 1923. He continued to hold over, and no successor was appointed until after he resigned in the spring of 1927.

As there can be no dispute as to the essential facts it would serve no useful purpose to remand the cause for another trial. We are of the opinion that the judgment, so far as it allows plaintiff for services rendered, is erroneous. However, it is undisputed that plaintiff expended the sum of $762.87 for costs, printing of abstracts and briefs, and court reporting, all for the benefit of the village, and defendant, in its brief, does not point out any reason why plaintiff should not be reimbursed for these out-of-pocket expenditures.

Therefore, the judgment of the superior court of Cook county is reversed, and judgment is entered here for plaintiff and against defendant for $762.87.

*Judgment reversed and judgment here for plaintiff for $762.87.*

JOHN J. SULLIVAN and FRIEND, JJ., concur.