**Ray E. Anderson et al., Appellants, v. City of Rockford, Appellee.**

**Gen. No. 9,987.**

Opinion filed February 8, 1945. Released for publication February 26, 1945.

RAPHAEL E. YALDEN, of Rockford, for appellants.

DAVID F. MADDEN, City Attorney and CHARLES S. THOMAS, Corporation Counsel, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This is an action by appellants to recover certain fees claimed to be due them as members of the city police force, such fees resulting from arrests made by appellants. It is claimed by appellants that they performed certain duties incident to the office of constable in connection with cases before the police magistrate in said city, and were entitled to receive the statutory fees for such services as provided in cases of constables.

Appellee city, by ordinance passed in July 1938, provided that all fees that might accrue, or to which a member of the police department might become entitled as witness, or for the making of arrests, should be turned over to the city treasury. Authority for this ordinance is claimed by appellee to have been derived from sec. 828 of ch. 24, 1937 Ill. Rev. Stat. (Cities and Villages Act—Compensation of Municipal Officers—Laws of 1837). The foregoing section is the source of the present section (par. 9–99, ch. 24, 1943 Ill. Rev. Stat.— Laws of 1941 [Jones Ill. Stats. Ann. 21.1346]), which has to do with the common council or corporate authorities fixing the salary of city officers, to be evidenced by the annual appropriation ordinance; and with a similar provision as in the former Act, to the effect that no compensation should be paid any such officer in addition to that provided as his salary.

Appellants urge that the legal right to the office of city policeman carries with it the right to the emoluments thereof. The cases cited in support of this principle are cases having to do with recovery of salary by police officers who had been illegally suspended or removed from office. They are not applicable to the situation presented by this appeal.

Officers of a municipal corporation are deemed to have accepted their office with knowledge of, and with reference to, the existing provisions of the charter or ordinance relating to the services which they shall be called upon to render, and the compensation provided therefor. The principles which have application to officers differ from those relative to employees. In the case of municipal officers, the compensation is attached to the office, as an incident thereof. It is a well-settled rule that a person accepting a public office, with a fixed salary, is bound to perform the duties of the office for the salary. He cannot legally claim additional compensation for the discharge of such duties. Whenever he considers the compensation inadequate, he is at liberty to resign. Dillon, Municipal Corporations (5th Ed.), vol. 1, par. 426, p. 739. The author goes on to state that this rule is of importance to the public, and that to allow changes in the duties properly belonging or attached to an office, in order to lay the foundation for extra compensation would introduce intolerable mischief, and might lead to great abuse. This rule might be considered of particular significance with respect to the fee system as applied to criminal arrests and criminal prosecution. It is further stated by the above author in par. 427, that not only has a municipal officer no legal claim for extra compensation, but that a promise to pay such a fee beyond that fixed, is not binding. We find this rule observed in the case of *City of Decatur v. Vermillion,* 77 Ill. 315. Also see *Coles County v. Messer,* 195 Ill. 540, 545; *May v. City of Chicago,* 222 Ill. 595, 599; *Gathe-*

*mann v. City of Chicago,* 263 Ill. 292, 296, 298; *Sprinkle v. County of Cass,* 340 Ill. 382, 383, 384; *Woods v. Village of LaGrange Park,* 287 Ill. App. 201, 207; also reported in 298 Ill. App. 595, 606, and in 299 Ill. App. 1.

Appellants' salaries were fixed and established by the appropriation ordinances for the various years, and the amounts so appropriated were regularly paid to them as such officers. The method of paying compensation of public officers is usually fixed by law, and when so fixed, such method is controlling. When the compensation to be received takes the form of a fixed salary, then it is the compensation to be paid and received for the services incident to such office and the performance of the official duties annexed thereto.

We are of the opinion that the ordinance of appellee city respecting witness fees and fees for making arrests as applied to appellants, was proper and effective under authority of the enactments above referred to, and was operative and controlling as to appellants. They having received the compensation provided for in their respective cases, have no right to the further and additional compensation claimed.

The judgment of the trial court is affirmed.

*Judgment affirmed.*