THE CITY OF LINCOLN, Appellee, *vs.* D. H. HARTS *et al.* Appellants.

*Opinion filed December 22, 1915.*

1. APPEALS AND ERRORS—*when former appeal does not prevent raising question on the second appeal.* An appeal by a city from a judgment refusing confirmation of a special assessment, which judgment is reversed on the appeal and the cause remanded generally, does not prevent the property owners, on appeal from a subsequent judgment confirming the assessment, from presenting the question, properly raised by objections below, whether the city had power to include interest on the improvement bonds in a supplemental ordinance for the assessment.

2. SAME—*effect where judgment is reversed and the cause remanded generally.* Where a judgment refusing confirmation of a special assessment is reversed and the cause is remanded generally, the cause stands for hearing in the county court the same as though no appeal had been taken except in regard to the questions determined by the appeal.

3. SPECIAL ASSESSMENTS—*court may permit filing additional objections on remandment.* Where a judgment refusing confirmation of a special assessment is reversed and the cause is remanded generally, the county court may, in its discretion, allow amendment of the objections filed or may permit the filing of additional objections, and its discretion, unless it has been abused, will not be reviewed on appeal.

4. SAME—*city cannot include interest on improvement bonds in a supplemental ordinance.* A city, by supplemental ordinance passed under sections 57 and 58 of the Local Improvement act, has no power to include in the assessment, in addition to the cost of the improvement, a further sum for interest upon improvement bonds issued to anticipate the collection of deferred installments of the original assessment.

APPEAL from the County Court of Logan county; the Hon. CHARLES J. GEHLBACH, Judge, presiding.

MANGAS & HILL, and McCORMICK & MURPHY, for appellants.

URI KISSINGER, City Attorney, and HUMPHREY & ANDERSON, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is the fourth presentation of the subject matter of this controversy to this court. In 1910 the city council of the city of Lincoln passed an ordinance for the paving of Kickapoo street. The paving was constructed but the ordinance was held void. (*City of Lincoln* v. *Harts,* 250 Ill. 273.) The city then passed a supplemental ordinance for a special assessment to pay for the improvement, and this ordinance was also held void because it was not authorized by sections 57 and 58 of the Local Improvement act. (*City of Lincoln* v. *Harts,* 256 Ill. 253.) The legislature afterward amended those sections, and on November 3, 1913, the city council passed another supplemental ordinance to pay for the pavement. Upon application for confirmation the county court of Logan county, on the objection of property owners, held that the amendment was unconstitutional and refused confirmation. This judgment was reversed in *City of Lincoln* v. *Harts,* 266 Ill. 405. Upon the remandment of the cause the objectors, pursuant to leave granted by the court, filed certain additional objections. The court overruled all the objections and entered an order of confirmation, from which the objectors have appealed.

The ordinance, in addition to the cost of the improvement of $16,904.82 as fixed in the original assessment, provided for the assessment of the further sum of $2337.75 interest at the legal rate upon the improvement bonds issued to anticipate the collection of the deferred installments of the original assessment, from the date of their issue to October 20, 1913. The additional objections presented the question of the right to include this interest in the assessment, and that is the question presented by this appeal. Counsel for appellee object to the consideration of this question, because they insist that all questions relating to the subject matter were adjudicated on the former appeal. They insist that all objections to an ordinance must be raised on

the first appeal, and that any objection which existed at the time of the first appeal and was not raised on that appeal is waived and cannot be afterwards raised. It is true that a party appealing from an order of confirmation must raise all the questions presented by the record on his appeal, and if he does not do so cannot raise questions which then existed, on a subsequent appeal. (*Lusk* v. *City of Chicago,* 211 Ill. 183; *Muren Coal and Ice Co.* v. *Howell,* 217 id. 190; *Beckett* v. *City of Chicago,* 218 id. 97.) This rule, however, has no application in this case, because the present appellants were not the appellants in the former case. The questions raised and determined on that appeal were the questions presented by the present appellee. The question of interest, even if the objections on that question had then been in the record, could not have been presented because the confirmation was refused. The court held the ordinance void and refused to render judgment for any amount. The city appealed from that order, and, of course, could not raise any question in regard to the interest because the court had decided no question in regard to the interest, and the property owners could not have raised the question by cross-errors, even if they were bound to assign cross-errors, for the same reason. There was no estoppel by virtue of the former appeal.

The judgment was reversed and the cause remanded generally. The judgment was conclusive only on the questions actually decided. (*People* v. *Waite,* 243 Ill. 156.) The cause stood for hearing in the county court the same as if no appeal had been taken except in regard to the questions determined by the appeal. The allowance of amendments to objections filed in a special assessment proceeding and the granting of permission to file additional objections are matters within the sound discretion of the court, which will not be reviewed unless the discretion has been abused. (*Village of Desplaines* v. *Winkelman, ante,* p. 149; *City of Peru* v. *Bartels,* 214 Ill. 515.) The court having allowed

the filing of the objections, the question of the right to include interest in the assessment is before us. Interest can be charged only where it is especially authorized by statute. The statute authorizes interest on deferred installments of special assessments, but this provision only applies to installments of the assessment which the court by its order confirms. The section of the statute under which the supplemental ordinance in question here was passed authorizes a new special assessment or special tax "to pay for the cost of the improvement so constructed." The cost is the amount actually paid for the improvement. It does not refer to interest paid as the price of the extension of time of payment. The ordinance improperly included interest on the deferred installments of the original assessment.

The judgment will be reversed and the cause remanded to the county court, with directions to sustain the objections to the interest and to confirm the assessment for the amount of the original assessment.

*Reversed and remanded, with directions.*