Weightstill Woods, Appellant, v. Village of LaGrange Park et al., Appellees.

Gen. No. 35,534.

Opinion filed May 17, 1932.   Rehearing denied May 31, 1932.

WEIGHTSTILL WOODS, *pro se.*

STEVENS, CARRIER & GRIFFITH, for appellees.

MR. JUSTICE KERNER delivered the opinion of the court.

December 5, 1930, complainant filed his bill for an injunction and a money decree against the Village of LaGrange Park, Board of Local Improvements of the Village of LaGrange Park, William Gardner and P. H. Mesenbrink, treasurer and collector, respectively, of the Village of LaGrange Park. The defendants filed their general demurrer, which was sustained by the chancellor, and the complainant electing to stand by his bill, it was dismissed for want of equity. From

this decree complainant appealed and the ruling of the court in sustaining the demurrer is assigned as error.

The allegations of the bill are substantially as follows: that at the request of the Board of Trustees and Board of Local Improvements of said Village of LaGrange Park, complainant rendered legal services and made outlays of money for costs, incident to a local improvement for the paving of certain streets (naming them) in the Village of LaGrange Park, resulting in an ordinance of said village, passed and approved November 15, 1926, which led into suit 449649 in the superior court of Cook county for the confirmation of a special assessment, in which a confirmation order was entered February 14, 1927; that a contract for the construction of said paving was duly let and entered into March 7, 1927, and work begun, and the contractor on April 4, 1927, received his first voucher for the construction work done on said improvement; that on April 20, 1927, said Village of LaGrange Park approved and acknowledged it was indebted to complainant for money advanced and legal services rendered and issued its voucher to complainant, stating that from the funds to be obtained by collection of the first instalment of special assessment No. 449649, said village would pay on demand to complainant $3,340.50 with interest at five per cent per annum; that on September 19, 1930, defendants, without notice, caused to be entered in said special assessment case No. 449649, an order which recited that the ordinance and all subsequent proceedings thereunder had been declared void by the Supreme Court of Illinois in *Gray v. W. A. Block Co.*, 338 Ill. 488, and that the judgment of confirmation theretofore entered should be vacated and set aside, and it was ordered that the judgment order of confirmation be vacated and set aside.

The bill further alleges that said boards and officials of the Village of LaGrange Park in March, 1930, insti-

tuted a new assessment for paving the same streets; that a new ordinance therefor was passed and approved April 8, 1930, and a suit filed in the county court of Cook county as Village of LaGrange Park Assessment No. 77; that an order of confirmation was entered May 6, 1930, and a new contract let and said streets were constructed and completed; that said new ordinance has included therein $7,478.82 to be applied toward the cost of making, levying and collecting the special assessment, and that on November 18, 1930, a certificate of costs and completion was filed in the county court of Cook county in said proceeding No. 77.

The bill further alleged on information and belief that no funds were collected under said special assessment proceeding No. 449649, but that the collector of said village is now making collections under a warrant for collection issued in pursuance of said new assessment No. 77; that the debt due complainant by reason of said outlays of money and legal services remains wholly unpaid and due from said village, together with interest accruing thereon; that said money should be paid from special assessment funds or from the general funds of said village or from both such funds, as the court may determine; and the complainant prayed that the Village of LaGrange Park be ordered to pay him the debt acknowledged by said voucher, and decree out of which funds said debt shall be paid, and that the defendants be restrained from disbursing any funds collected by reason of special assessment proceeding No. 77, applicable to the payment of attorneys' fees, costs or expenses, until such time as the matters presented should be finally determined.

It is complainant's contention that special assessment proceeding No. 77 was a new proceeding for the same improvement involved in special assessment proceeding No. 449649; that the ordinance involved in No. 77 provided that $7,478.82 should be applied toward

the cost of making, levying and collecting special assessment No. 449649, and it is insisted that sections 57, 73 and 90 of the Local Improvement Act makes it the specific duty of the village to provide such payment. We cannot agree with this contention. The purpose of section 57 (Cahill's Ill. Rev. St. 1931, ch. 24, ¶ 183, p. 367) is to enable the board of trustees to provide for the cost of an improvement which had been already constructed under an ordinance which had been declared void, by passing an ordinance authorizing a new special assessment for that purpose. (*City of Lincoln v. Harts,* 266 Ill. 405, 408.) The cost mentioned in section 57 is the amount actually paid for the improvement. (*City of Lincoln v. Harts,* 270 Ill. 646, 649.) A void ordinance confers no rights and imposes no obligation (*City of Ottawa v. Hulse,* 332 Ill. 286, 293), and the costs of making the first assessment could not be included in the new assessment. (*Laflin v. City of Chicago,* 48 Ill. 449; *Union Bldg. Ass'n v. City of Chicago,* 61 Ill. 439, 447.) In *Farr v. West Chicago Park Com'rs,* 167 Ill. 355, as in the instant case, the ordinance in a special assessment proceeding was declared void and a new proceeding was instituted. In the new estimate there was included attorneys' fees, the cost of an opinion and other expenses incurred in the old assessment, the court said, p. 359:

"Lastly, it is objected that the estimate was excessive. Under this head it was proved that attorney's fees, the cost of the copy of an opinion, and other expenses which were incurred in the old assessment, were included in the estimate which this assessment was levied to pay. The expenses incurred in that proceeding were not a proper or lawful charge."

*City of Lincoln v. Harts,* 270 Ill. 646, also involved a void ordinance and the commencement of a new proceeding, and the question before the court was the legality of including interest in the new estimate on

the deferred instalment of the original assessment. The court said, p. 649:

"Interest can be charged only where it is especially authorized by statute. The statute authorizes interest on deferred instalments of special assessments, but this provision only applies to instalments of the assessment which the court by its order confirms. The section of the statute under which the supplemental ordinance in question here was passed authorizes a new special assessment or special tax 'to pay for the cost of the improvement so constructed.' The cost is the amount actually paid for the improvement. It does not refer to interest paid as the price of the extension of time of payment. The ordinance improperly included interest on the deferred instalments of the original assessment."

Section 73, Cahill's Ill. Rev. St. 1931, ch. 24, ¶ 201, p. 371, provides that in case it shall appear that the assessment cannot be collected, the municipality shall, nevertheless, not be in any way liable to the contractor in case of failure to collect the same, but it shall, so far as it can legally do so, with all reasonable diligence cause a valid assessment to be levied to defray the cost of the work until the contractor shall be fully paid. Section 90 of the same chapter, Cahill's St. ch. 24, ¶ 222, p. 376, provides that no person accepting a voucher shall have any claim or lien upon the village for the payment of such voucher, except from the collection of the assessment against which the voucher is issued, and the municipality shall, nevertheless, be in no way liable to the holder of said voucher in case of failure to collect the same, but the village shall use reasonable diligence to cause the assessment to be made and collected and the voucher to be fully paid.

In considering these sections of the Local Improvement Act, our Supreme Court in *City of Chicago v. Brede,* 218 Ill. 528, at page 536, said: "It will be seen

from these provisions of the statute that it was the evident purpose and intention of the legislature to in no way hold the city responsible or liable for the vouchers, . . . The city is powerless, by any ordinance which it might pass, to make itself liable in the face of the express provisions of the statute." In *Gray v. City of Joliet,* 287 Ill. 280, it was held that section 90 contemplated that an assessment shall be "levied and confirmed."

After considering the statutes and the authorities cited, we are of the opinion that the only costs of making and levying an assessment, which could properly be included in the assessment, are the costs of making, levying and collecting the particular assessment which the court confirms.

The bill of complaint failing to show on its face that the complainant was entitled to the relief sought, the chancellor properly sustained the demurrer. Decree affirmed.

*Affirmed.*

GRIDLEY, P. J., and SCANLAN, J., concur.